IN THE MATTER OF: C.B. B.B.
No. COA06-1136
Court of Appeals of North Carolina.
Filed August 21, 2007
This case not for publication
John F. Campbell, for Cumberland County Department of Social Services.
Susan J. Hall, for respondent-appellee Ann Prince.
Brannon Strickland, PLLC, by Robin E. Strickland, for the appellant.
CALABRIA, Judge.
Thurman B. ("Thurman") appeals from an order adjudicating C.B. ("C.B.") and B.B. ("B.B.") (collectively "the minor children") dependent and placing them in the custody of Ann P. ("Ann"), their paternal grandmother. We affirm.
On 1 January 2006, Thurman shot the mother of the minor children in the presence of one of the children. The mother died from her injuries just over two weeks later, on 16 January 2006. Thurman was arrested and charged with murder. While Thurman was incarcerated and awaiting trial, Cumberland County Department of Social Services ("D.S.S.") filed a petition alleging the minor children dependent in that the children had no parent, guardian, or custodian responsible for their care and supervision. Following a hearing on 10 May 2006, Cumberland County District Court Judge John W. Dickson entered an order adjudicating the minor children dependent. In the dispositional phase, the trial court determined that it was in the best interests of the minor children to place them with Ann, their maternal grandmother. From that order, Thurman appeals.
North Carolina General Statute . 7B-101(9) (2005) defines a dependent juvenile as "[a] juvenile in need of assistance or placement because the juvenile has no parent, guardian, or custodian responsible for the juvenile's care or supervision or whose parent, guardian, or custodian is unable to provide for the care or supervision and lacks an appropriate alternative child care arrangement." In a non-jury adjudication of dependency, the trial court's findings of fact must be supported by clear and convincing evidence. N.C. Gen. Stat. . 7B-805 (2005). This Court reviews the trial court's conclusions of law to determine whether they are supported by the findings of fact. In re Pittman, 149 N.C. App. 756, 561 S.E.2d 560, 566 (2002). In the dispositional phase, the trial court considers the best interests of the child. N.C. Gen. Stat. . 7B-903(a) (2005). This determination is reviewed for abuse of discretion. Id. An abuse of discretion occurs when the trial court's decision is "manifestly unsupported by reason." White v. White, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985). On appeal, Thurman initially argues the trial court failed to make adequate findings of fact. He contends that the court improperly recited the testimony of others rather than finding facts independently. Our review of the record leads us to conclude otherwise. The trial court found the following relevant facts:
4. The mother of the juveniles is D.P. and she is deceased.
5. The respondent father is T.B.
. . .
7. That on 1/1/06 the respondent father shot the mother of the juveniles in the presence of one of the juveniles.
8. That subsequently on 1/16/06, the mother died as a result of the gunshot wound inflicted by the respondent father.
9. That the respondent father has been charged with murder and is incarcerated.
10. That the respondent father is unable to provide appropriate care for the juveniles and failed to make appropriate child care arrangements prior to his incarceration.
Thurman argues that these findings are mere recitations of the evidence and do not represent adequate findings supported by clear and convincing evidence. We disagree. The findings, on their face, are not mere recitations of the evidence but facts found upon a consideration of the evidence. The facts were found upon evidence that was largely unchallenged at the 10 May 2006 adjudication hearing.
At that hearing, the trial court heard from two witnesses. B.B. testified that she was present when Thurman shot her mother, and stated that she did not want to have any contact with Thurman or his family. Edna Lee Burns ("Burns"), Thurman's sister, testified that she was prepared to provide care for the children, and that Thurman was willing to sign over custody of the children to her. Thurman was present during the hearing but did not testify.
Based on the testimony and documentary evidence, the court found that Thurman had shot the mother of the minor children and was subsequently incarcerated. There was no evidence to the contrary, and thus this finding is supported by clear and convincing evidence. The court further found that Thurman was unable to properly care for the children and had failed to make appropriate child care arrangements prior to his incarceration. The only evidence contradicting this finding is Burns' statement that Thurman wanted her to have custody of the children. There was no testimony that Thurman had made any legal or financial arrangements for the minor children prior to his incarceration for shooting their mother. As such, the trial court's findings were supported by clear and convincing evidence that Thurman had failed to make appropriate child care arrangements.
Thurman next challenges the dispositional order, which provides that he is to have no contact with the minor children. Thurman argues that the findings do not support this conclusion since he has not been charged with an offense against either child, and has not been convicted of killing their mother. We find this argument unavailing. The trial court heard testimony from B.B. that Thurman shot her mother in front of her, and that B.B. did not want to maintain any contact with him. Given this testimony, as well as Thurman's status as a prisoner awaiting trial for shooting the minor children's mother, we cannot conclude the trial court's findings do not support its conclusions, or that the trial court erred by concluding that it is in the best interests of the children that they have no contact with Thurman.
Affirmed.
Judges McCULLOUGH and STROUD concur.
Report per Rule 30(e).